IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIE L. CARPER, | ) | 4:10CV3015 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, and | ) | |
| MICHAEL OWENS, Judge, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 17.) As set forth below, the Motion is granted.

## I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed her original Complaint and a Motion for Leave to Proceed in forma pauperis ("IFP") in this matter on January 29, 2010. (Filing Nos. 1 and 3.) On February 3, 2010, the court granted Plaintiff's Motion to Proceed IFP. (Filing No. 6.) Thereafter, Plaintiff filed an Amended Compliant and a Motion to Remove her IFP eligibility. (Filing Nos. 8 and 9.) She also paid the $350.00 filing fee. (*See* Docket Sheet.) Because Plaintiff paid the $350.00 filing fee, the court granted her Motion to remove IFP eligibility and permitted this matter to proceed to service. (Filing Nos. 9 and 10.) Plaintiff executed service of process upon Defendants on March 2, 2010. (Filing Nos. 14, 15 and 16.)

On March 15, 2010, Defendants filed a Motion to Dismiss (filing no. 17) and a Brief in Support (filing no. 18.). Three days later, Plaintiff filed a Motion to Deny Dismissal (filing no. 19) along with a Brief in Support (filing no. 20). That same day, Bernard J. Glaser ("Glaser") entered his appearance on Plaintiff's behalf. (Filing No. 21.)

On March 22, 2010, Plaintiff, through counsel, moved to dismiss her Amended Complaint. (Filing No. 25.) In her Motion, Plaintiff she asked the court to dismiss her complaint with prejudice. (*Id*.) However, Plaintiff later changed her mind and filed a Stipulation, without the benefit of counsel, informing the court that she would like to proceed with her case. (Filing No. 28.) Glaser then filed a Motion to Withdraw as Plaintiff's counsel, which the court granted, and Plaintiff elected to proceed without counsel. (Filing Nos. 29, 30, 34 and 36.)

Summarized, Plaintiff's Amended Complaint asserts claims that relate entirely to her divorce proceedings in Nebraska state court. (Filing No. 8 at CM/ECF p. 2.) The majority of Plaintiff's allegations relate specifically to actions that Hamilton County, Nebraska District Judge Michael Owens ("Owens") took during her divorce proceedings.[1] (*Id*. at CM/ECF pp. 4-15.) Plaintiff believes these actions violated her constitutionally protected parental rights. (*Id*. at CM/ECF pp. 2-3.) Liberally construed, Plaintiff seeks injunctive relief in the form of a court order that prevents the Nebraska courts from setting visitation schedules in divorce proceedings. (*Id*. at CM/ECF pp. 1, 13, 17.) Plaintiff also seeks monetary damages in the amount of $500,000.00. (*Id*. at CM/ECF pp. 1, 16.)

---

[1]These actions include, but are not limited to, reducing and suspending Plaintiff's visitation without cause, failing to reprimand attorneys who practice deceit, failing "to note misconduct of vendetta scheme," failing "to take command of the issues," allowing Plaintiff's "children's affidavits" to be admitted into evidence, denying Plaintiff's "Request for Expanded visitation," allowing opposing counsel to "cherry pick" evidence, filing an "action of Contempt for not returning family dogs," allowing the sheriff to take custody of Plaintiff's child and refusing to consider motions regarding Plaintiff's husband's "manufactured" affidavits. (Filing No. 8 at CM/ECF pp. 4-15.)

## II.   ANALYSIS

Defendants argue that this court lacks jurisdiction over Plaintiff's claims.[2] (Filing No. 18 at CM/ECF pp. 4-6.)  The court agrees.  The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments.   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court") (citation omitted).  Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.

Here, Plaintiff asks this court to order Defendants to pay $500,000.00 for damages stemming from her divorce proceedings and to prevent the Nebraska courts from setting visitation schedules in divorce proceedings.  (Filing No. 8 at CM/ECF pp. 1, 13, 17.)   Although Plaintiff asserts that her divorce proceedings were unconstitutional, awarding Plaintiff the relief she seeks would effectively void the state-court orders.  As set forth above, the *Rooker-Feldman* doctrine bars this court

---

[2]Defendants also argue that the claims against Owens should be dismissed because he is entitled to absolute judicial immunity.  (Filing No. 18 at CM/ECF pp. 2-4.)  Because the court is dismissing Plaintiff's claims for lack of jurisdiction, it will not address the judicial immunity issue.

from correcting or altering a state court judgment.[3]  In light of this, Plaintiff's claims are dismissed.

      IT IS THEREFORE ORDERED that:

      1.     Defendants' Motion to Dismiss (filing no. 17) is granted.

      2.     Plaintiff's Motion to Deny Dismissal (filing no. 19) is denied.

      3.     A separate judgment will be entered in accordance with this Memorandum and Order.

      4.     All other pending Motions are denied as moot.

      DATED this 4th day of June, 2010.

---

     [3]To the extent Plaintiff's divorce proceedings are still ongoing, the court will abstain from exercising jurisdiction.  To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state court proceeding has already been commenced.  *See* *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004).  Courts use the doctrine developed in *Younger v. Harris* to carry out this policy.  401 U.S. 37 (1971).  Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'"  *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).  Plaintiff's Amended Complaint clearly indicates that divorce proceedings have been initiated, if not completed.  (Filing No. 8 at CM/ECF p. 4.)  To the extent that these divorce proceedings are still ongoing, Plaintiff has not alleged, nor demonstrated, that they will not provide her with the opportunity to raise her federal claims.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.